# STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

**Katherine L. McGlinchey, individually and
as Executrix of the Estate of John W. Frye,
Plaintiff Below, Petitioner**

**FILED**

June 28, 2013
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**vs)  No. 12-0889** (Marion County 11-C-162)

**Woodrow Potesta,
Defendant Below, Respondent**

## MEMORANDUM DECISION

Petitioner Katherine L. McGlinchey, individually and as Executrix of the Estate of John W. Frye, by counsel LaVerne Sweeney, appeals the order of the Circuit Court of Marion County, entered June 21, 2012, which granted respondent's motion to dismiss petitioner's complaint and amended complaint.  Respondent Woodrow Potesta, by counsel James Varner Sr., has filed a response, to which petitioner replied.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

On June 15, 2011, petitioner filed a complaint asserting claims for legal malpractice, breach of contract, and breach of fiduciary duty as a result of respondent giving Elizabeth Frye, decedent's ex-wife, the decedent's divorce file. Petitioner asserts that as a result of respondent's malpractice, she lost her undivided interest in the property that the decedent bequeathed to her.[1]

---

[1] In 1977 Elizabeth Frye ("Elizabeth") and John Frye ('the decedent"), were married and acquired certain real property in Grant County, West Virginia. The decedent employed respondent to represent him in his divorce proceedings against Elizabeth. Elizabeth drafted a contract setting forth the division of the marital property. Elizabeth relinquished her interest in the property and, in exchange, the decedent agreed to will his interest in real property owned in Grant County, West Virginia, to their children. In connection with the divorce proceedings, respondent drafted a property settlement agreement which was contrary to the contract. The divorce was finalized in 1978. In 1993, the decedent began a romantic relationship with petitioner until his death on April 27, 2006.  The decedent executed a will naming petitioner as his sole heir. In 1997, respondent gave Elizabeth the decedent's divorce file, which included a copy of the signed contract. Following the decedent's death, his son instituted a civil action . . .

1

On August 19, 2011, respondent filed a motion to dismiss petitioner's complaint. Petitioner thereafter filed a motion to amend alleging that respondent negligently failed to include language in the divorce property settlement that modified/nullified the contract. A hearing was held on March 13, 2012, during which the circuit court granted petitioner's motion to amend the complaint, took respondent's motion to dismiss under advisement, and set a briefing schedule. On March 26, 2012, petitioner filed an amended complaint. On April 9, 2012, respondent filed a motion to dismiss the amended complaint. The circuit court granted respondent's motions to dismiss the complaint and amended complaint by order entered on June 21, 2012.

On appeal, petitioner argues that the circuit court erred in granting respondent's motion to dismiss. In support of this argument, petitioner states that the requirements for a suit against an attorney for negligence are satisfied pursuant to *Calvert v. Scharf*, 217 W.Va. 684, 619 S.E.2d 197 (2005), and that the claims for breach of contract and breach of fiduciary duty were sufficiently pled to prevent dismissal. This Court has held

> [g]enerally, in a suit against an attorney for negligence, the plaintiff must prove three things in order to recover: (1) the attorney's employment; (2) his/her neglect of a reasonable duty; and (3) that such negligence resulted in and was the proximate cause of loss to the plaintiff.

Syl. Pt. 1, *id*. This Court has previously held that "'[a]ppellate review of a circuit court's order granting a motion to dismiss a complaint is *de novo*.' Syl. pt. 2, *State ex rel. McGraw v. Scott Runyan Pontiac–Buick*, 194 W.Va. 770, 461 S.E.2d 516 (1995)." Syl. Pt. 1, *Posey v. City of Buckhannon*, 228 W.Va. 612, 723 S.E.2d 842 (2012). A review of the record shows that the circuit court did not err in granting respondent's motions to dismiss because petitioner did not establish that she had an attorney-client relationship with respondent. Further, having reviewed the circuit court's "Order" entered on June 21, 2012, we hereby adopt and incorporate the circuit court's well-reasoned findings and conclusions as to the assignments of error raised in this appeal. The Clerk is directed to attach a copy of the circuit court's order to this memorandum decision.

For the foregoing reasons, the decision of the circuit court and its June 21, 2012 order granting respondent's motions to dismiss is affirmed.

Affirmed.

---

. . . against petitioner based, in part, upon the contract that his parents signed. A jury found that petitioner had no interest in the Grant County property and that the decedent was obligated, pursuant to the contract, to will the property to his children. This Court affirmed the circuit court's decision by order entered on November 10, 2011.

**ISSUED:** June 28, 2013

**CONCURRED IN BY:**

Chief Justice Brent D. Benjamin
Justice Robin Jean Davis
Justice Margaret L. Workman
Justice Menis E. Ketchum
Justice Allen H. Loughry II